**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ANTONIA BLACKWELL,

     Petitioner - Appellant,

v.

MICHAEL BOEHM; DEBORAH SNOW,

     Respondents - Appellees.

No. 25-4081
(D.C. No. 2:25-CV-00465-TS)
(D. Utah)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY*

_____

Before **FEDERICO**, **BALDOCK**, and **MURPHY**, Circuit Judges.

_____

Petitioner Antonia Blackwell filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In her petition, Blackwell sought to challenge a bench warrant issued against her in a state criminal proceeding. Because Blackwell moved for permission to proceed in forma pauperis (IFP), the district court screened Blackwell's petition under 28 U.S.C. § 1915(e)(2)(B). The district

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

court found that *Younger* abstention applied, so it denied IFP and dismissed Blackwell's petition without prejudice.[1] Blackwell now appeals that dismissal.

However, Blackwell may not appeal unless she first secures a certificate of appealability, which the district court denied. 28 U.S.C. § 2253(c)(1). A certificate of appealability is not available unless "jurists of reason would find it debatable whether the district court was correct" in dismissing Blackwell's petition. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We conclude that Blackwell has not met the standard for issuance of a certificate.

*Younger* abstention requires a federal court to "abstain from deciding a case otherwise within the scope of its jurisdiction in 'certain instances in which the prospect of undue interference with state proceedings counsels against federal relief.'" *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 669–70 (10th Cir. 2020) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)). Under this doctrine, the district court was required to abstain – and therefore dismiss Blackwell's petition – if (1) there was an ongoing state criminal proceeding, (2) Blackwell could have raised her claims in that proceeding, and (3) the state has an important interest. *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 522–23 (10th Cir. 2023).

---

[1] Although the district court denied IFP for Blackwell's petition, it subsequently granted IFP on appeal under Federal Rule of Appellate Procedure 24(a)(1). Doc. 24.

2

The district court correctly concluded that there were ongoing state criminal proceedings against Blackwell, that Blackwell could have challenged her bench warrant in those proceedings, and that the state has an important interest in prosecuting criminal cases without federal interference. *See Mesa v. California*, 489 U.S. 121, 138 (1989). We therefore conclude that *Younger* abstention applies.

Accordingly, we deny a certificate of appealability, deny Blackwell's request for judicial notice, and dismiss the appeal.

APPEAL DISMISSED.

Entered for the Court


Richard E.N. Federico
Circuit Judge